# United States District Court Southern District of Texas

## Case Number: _CA-H-02-495_

## ATTACHMENT

Description:

☐ State Court Record         ☐ State Court Record Continued

☐ Administrative Record

☐ Document continued - Part _____ of _____

■ Exhibit(s) number(s) / letter(s) _Exh. A - D_
   #1

Other: _____

_____

_____

| Case Name: | Gates,Melissa |
|---|---|
| Case #: | 23975304 |

## INTAKE REPORT
## CHILD PROTECTIVE SERVICES

## ALLEGATION DETAIL

| **Victim** | **Allegation(s)** | **Alleged Perpetrator(s)** |
|---|---|---|
| Gates,Travis | Emotional Abuse | Gates,Gary |

## CALL NARRATIVE

*Document worker safety issues, special or sensitive case handling information on the Special Handling Window.*

**GENERAL INFORMATION / DESCRIPTION:**
EMAB of 10 year old male OV who lives with MO and FA (AP).

FA caught OV stealing food from home and eating it upstairs. Today, FA made OV wear all of the wrappers stapled to his clothes today to school. OV was very embarrassed. FA said if they took the wrappers off at school, OV would still have to wear them stapled to his clothes on Sunday at church. ██████████"OV has suffered enough."

OV can't go to any of the valentines parties or eat any food from school. The school removed the wrappers to relieve OV from the embarrassment of having to be ridiculed at school.

OV has a severe emotional disturbance. OV has an eating disorder that surfaces when he is emotionally disturbed.

OV is in a strict setting at school because FA refuses to treat the child medically.

FA is very religious and is very controlling. FA weighs OV every day and if OV varies by even an ounce FA accuses him of stealing food and makes OV work out until it is back to FA 's perfect perception of OV 's weight.

At one time when OV stole food, FA made him move bricks from one pile to another for hours. Unknown when this was. Unknown how long FA made him do this.

One year ago, OV stole food and FA handcuffed him to a bed for his punishment. When FA was confronted about the way he treated OV, FA said "we have a difference of opinion."

FA says that OV does not have a problem██████████OV has a severe emotional problem.

OV needs serious psychiatric treatment and FA refuses to get this for him because he thinks he can control.

Tiffany Bezdek, PSIS 1

**CONCLUSIONS: EMAB P1: AP is not protective of OV. AP demonstrates a lack of parenting skills by ridiculing OV to a point of emotional distress.**

| | CPS | OPN | Gates,Travis | FORT BEND | Langlois,Karen M | PAD | 0001560 |
|---|---|---|---|---|---|---|---|
| | 23572904 | 858 | 23572540 | N | | | |

Printed:
2/1/2001                TX Dept. of Protective and Regulatory Services                Page: 5

| Case Name: | Gates,Melissa |
|------------|---------------|
| Case #: | 23975304 |

## INTAKE REPORT
## CHILD PROTECTIVE SERVICES

**LOCATING INFORMATION:** Directions.  When the family is home.  Where the victim can be seen.
OV attends Dickenson Elementary School.

WORKER SAFETY ISSUES:

SENSITIVE ISSUES:

<COVER>
<FCSFILE:CAPSFCS.PCL>
<NOTE: 23975304>
<NOTE: Gates,Melissa>
<TO_NAME: 25813621 Richmond Pd>
<TO_FAXNUM: (281) 232-8327>

0001561

| Printed:<br>2/1/2001 | TX Dept. of Protective and Regulatory Services | Page: 6 |
|---|---|---|

Texas Dept. of Protective
and Regulatory Services

## NOTICE OF EMERGENCY REMOVAL OF CHILDREN
### AVISO DE ACCION DE EMERGENCIA PARA TOMAR CUSTODIA DE MENORES

Form 2231
June 1998

Custodial or Absent Parent or Legal Guardian / Padre Ausente, Padre que Tiene la Custodia o Tutor

Gary Gates, Melissa Gates

Name or Age and Sex of Child or Children Removed / Nombre o Edad y Sexo del Niño o de los Niños Afectados

George, Benedict, Scott, Raquel, Travis, Cynthia, Timothy, Cassie, Will

| | |
|---|---|
| The **Texas Department of Protective and Regulatory Services (PRS)**, through its representative | El Departamento de Servicios de Regulación y Protección de Texas (PRS), por conducto de su representante |

Amy Odin / Sherree Harwood

| | |
|---|---|
| took custody of your child or children on | tomó la custodia de su(s) hijo(s) el |

February 11 , IF 2000 at 7:00 □ a.m. ☒ p.m.

| | |
|---|---|
| This action is authorized by the Texas Family Code, Chapter 262. We took this action because we believed: | Esta acción está autorizada por el Capítulo 262 del Código de la Familia de Texas. La razón de esta acción es que creíamos: |
| 1. The child's physical health or safety was in immediate danger, or the child was the victim of sexual abuse, or the parent or person with possession of the child is currently using a controlled substance and such use constitutes an immediate danger to the physical health or safety of the child; and | 1. Que existía peligro inmediato a la salud física o la seguridad del niño, o que el niño había sido víctima de abuso sexual, o que el padre o la persona con quien estaba el niño actualmente usa una substancia controlada y tal uso representa un peligro inmediato a la salud física o la seguridad del niño; y |
| 2. There was no time to obtain an emergency court order before the removal, or if an emergency court order was obtained, there was no time, consistent with the child's physical health and safety, for an adversary hearing. | 2. Que no había tiempo para obtener antes una orden de emergencia de la corte, o, si se obtuvo la orden de emergencia de la corte, que por consideraciones de la salud y la seguridad del niño no había tiempo para una audiencia de adversarios. |
| The facts that led us to believe the child should be taken into custody are: | Los hechos que nos hacen pensar que debemos tomar la custodia del niño son los siguientes: |

Emotional Abuse, Physical abuse, Bizzare Punishment
Handcuffing Children to the bed, hand Cuffing hands
Kicking, hitting in Stomach, using Syrup of ipecac and Cuyann Pepper, taping
theirs, thrown against the wall

| | |
|---|---|
| For information, you may contact: | Para más información comuníquese con: |

Name / Nombre

Erika Davis

Office Address and Day and Night Telephone No. / Oficina y Teléfono de Día y de Noche

1110 Ave G, Rosenberg TX 77471 (281) 341-4003

---

## DOCUMENTATION OF DELIVERY / DOCUMENTACIÓN DE ENTREGA

☑ **Personal Delivery**   I acknowledge that I received this Notice of Emergency Removal of Children on
Entregado en Persona — Certifico que Recibí el Aviso de Acción de Emergencia para Tomar Custodia de Menores el _____ , 19 __

Refused to Sign

Signature / Firma

Relationship to Child / Parentesco con el Niño

□ Left at Residence (address):
Dejado en el Domicilio (dirección):

□ Other (describe):
Entregado de Otra Manera (especifique):

0000690

See

there will be a hearing on 2/14/00 at
10:30 am. The hearing will be held in the
328th District court on the 3rd floor
located at 401 Jackson St. Richmond TX. 77469

CAUSE NO. 112415   FEB 14 2000

*Father*

IN THE INTEREST OF § IN THE DISTRICT COURT OF
§
TRAVIS GATES §
SARAH AMANDA GATES §
GARY WILTON GATES §
GEORGE WILLIAM GATES §
SCOTT PRESTON GATES §
DERODRICK GATES §
RAQUEL GATES § FORT BEND COUNTY, TEXAS
CYNTHIA GATES §
CASSANDRA GATES §
TIMOTHY JOSEPH GATES §
ANDREW GATES §
ALEXIS GATES §
AND §
MARCUS GATES §
§
CHILDREN § 328th JUDICIAL DISTRICT

### ORIGINAL PETITION FOR PROTECTION OF A CHILD, FOR CONSERVATORSHIP, AND FOR TERMINATION IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP

This Original Petition for Protection of a Child in an Emergency and Original Petition in Suit Affecting the Parent-Child Relationship is brought by the Texas Department of Protective and Regulatory Services ("the Department"), whose address is 1110 Avenue G, Rosenberg, Texas, 77471 for the purposes of § 30.015, Tex. Civ. Prac. & Rem. Code. The Department has standing to bring this suit under §§ 102.003(5) and 262.001, Tex. Fam. Code.

1. **Jurisdiction**

This Court has jurisdiction of the suit affecting the parent-child relationship and of the suit for emergency protection of a child under Chapter 262, Tex. Fam. Code, and Petitioner believes no other Court has continuing, exclusive jurisdiction over the children.

In accordance with § 155.101(a), Tex. Fam. Code, the Department will request that the Bureau of Vital Statistics identify the court that last had continuing, exclusive jurisdiction, or confirm that no court has continuing exclusive jurisdiction.

1

**2.**   **The Following Children Are the Subject of This Suit:**

Name:                    TRAVIS GATES
Sex:                     MALE
Birthplace:              UNKNOWN TO PETITIONER
Birth date:              DECEMBER 14, 1989
SSN:                     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
County of Residence: FORT BEND COUNTY

Name:                    SARAH AMANDA GATES
Sex:                     FEMALE
Birthplace:              UNKNOWN TO PETITIONER
Birth date:              JANUARY 10, 1983
SSN:                     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
County of Residence: FORT BEND COUNTY

Name:                    GARY WILTON GATES
Sex:                     MALE
Birthplace:              UNKNOWN TO PETITIONER
Birth date:              MAY 30, 1986
SSN:                     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
County of Residence: FORT BEND COUNTY

Name:                    GEORGE WILLIAM GATES
Sex:                     MALE
Birthplace:              UNKNOWN TO PETITIONER
Birth date:              FEBRUARY 8, 1987
SSN:                     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
County of Residence: FORT BEND COUNTY

Name:                    SCOTT PRESTON GATES
Sex:                     MALE
Birthplace:              UNKNOWN TO PETITIONER
Birth date:              AUGUST 21, 1987
SSN:                     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
County of Residence: FORT BEND COUNTY

Name:                    DERODRICK GATES
Sex:                     MALE
Birthplace:              UNKNOWN TO PETITIONER
Birth date:              JANUARY 26, 1989
SSN:                     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
County of Residence: FORT BEND COUNTY

Name:              RAQUEL GATES
Sex:               FEMALE
Birthplace:        UNKNOWN TO PETITIONER
Birth date:        DECEMBER 7, 1990
SSN:               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
County of Residence: FORT BEND COUNTY

Name:              CYNTHIA GATES
Sex:               FEMALE
Birthplace:        UNKNOWN TO PETITIONER
Birth date:        MAY 17, 1991
SSN:               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
County of Residence: FORT BEND COUNTY

Name:              CASSANDRA GATES
Sex:               FEMALE
Birthplace:        UNKNOWN TO PETITIONER
Birth date:        NOVEMBER 12, 1992
SSN:               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
County of Residence: FORT BEND COUNTY

Name:              TIMOTHY JOSEPH GATES
Sex:               MALE
Birthplace:        UNKNOWN TO PETITIONER
Birth date:        DECEMBER 5, 1992
SSN:               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
County of Residence: FORT BEND COUNTY

Name:              ANDREW GATES
Sex:               MALE
Birthplace:        UNKNOWN TO PETITIONER
Birth date:        JANUARY 23, 1993
SSN:               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
County of Residence: FORT BEND COUNTY

Name:              ALEXIS GATES
Sex:               FEMALE
Birthplace:        UNKNOWN TO PETITIONER
Birth date:        UNKNOWN TO PETITIONER
SSN:               UNKNOWN TO PETITIONER
County of Residence: FORT BEND COUNTY

Name:                  MARCUS GATES
Sex:                   MALE
Birthplace:            UNKNOWN TO PETITIONER
Birth date:            JULY 22, 1995
SSN:                   UNKNOWN TO PETITIONER
County of Residence: FORT BEND COUNTY

## 3.   Parties to be Served

### Mother

The mother of the children the subject of this suit is **Melissa Gates**, whose date of birth is **May 9, 1958**, and whose social security number is **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**. The mother resides at **5103 Cypress Green Lane, Richmond, Texas 77469**. The Department requests that process be served at the address or any other address that **Melissa Gates** can be located. If **Melissa Gates** can not be personally served with this Original Petition then the Department would request that citation by publication or other substituted service is necessary for the reasons stated in an attached affidavit or in an affidavit that will be filed with the Court.

### Father

The father of the children **Travis Gates, Sarah Amanda Gates, Gary Wilton Gates, George William Gates, Scott Preston Gates, Derodrick Gates, Raquel Gates, Cynthia Gates, Cassandra Gates, Timothy Joseph Gates, Andrew Gates, Alexis Gates, and Marcus Gates** is **Gary Gates**, whose date of birth is **July 22, 1959**, and whose social security number is **Unknown to Petitioner**. The father resides at **5103 Cypress Green Lane, Richmond, Texas 77469**. The Department requests that process be served at the address or any other address that **Gary Gates** can be located. If **Gary Gates** can not be personally served with this Original Petition then the Department would request that citation be publication or other substituted served is necessary for the reasons sate in an attached affidavit or in an affidavit that will be filed with the Court.

### Attorney General's Office

The Attorney General's office will be served by mail under Rule 21a, Tex. R. Civ. Procedure at P.O. Box 12017, Austin, Texas 78711-2017, pursuant to § 102.009(d), Tex. Fam. Code.

## 4.   Interstate Compact on the Placement of Children

A verified statement of compliance with Chapter 162, Subchapter B, Tex. Fam. Code, as required by § 162.002, Tex. Fam. Code is attached to this petition.

## 5.   Other Court-Ordered Relationships

To the best of the Department's knowledge, there are no court-ordered conservatorships, guardianships, or other court-ordered relationships affecting the children the subject of this suit.

4

**6.    Property Owned by the Children**

No property of consequence is owned or possessed by the children the subject of this suit.

**7.    Reasonable Efforts to Reunify Family**

Pursuant to 42 U.S.C. §§ 671(a)(15) and 672(a)(1), the Department made reasonable efforts, consistent with the children's health and safety, to prevent or eliminate the need for removal of the children from the home and to make it possible for the children to safely return to the children's home, but continuation in the home would be contrary to the welfare of the children.

The Department will make reasonable efforts to eliminate the need for the children's removal and to enable the return of the children to the to the parents.

**8.    Request for Emergency Orders**

On **February 11, 2000**, the children the subject of this suit **were** taken into the possession of the Department in compliance with § 262.104, Tex. Fam. Code.

The Department has attached to this Petition an affidavit setting out the facts of this case.

There is a continuing danger to the physical health or safety of the children if returned to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian who is presently entitled to possession of the children.

The nature of the emergency and the continuing danger to the welfare of the children make efforts to allow the children to remain with or return to the person entitled to possession of the children impossible or unreasonable.

**9.    Temporary Managing Conservatorship**

The Department requests that the Court immediately, without notice or an adversary hearing, appoint the Department as temporary managing conservator of the children as provided in Chapter 262 and § 105.001(a)(1) and (h), Tex. Fam. Code.

The Department requests that the Court, after notice and hearing, appoint the Department as temporary managing conservator of the children as provided in § 105.001, Tex. Fam. Code.

**10.    Immediate Discovery**

The Department requests that each Respondent to this cause provide the full name and current address or whereabouts and phone number of any absent parent of the children the subject of this suit, pursuant to Rule 168, Tex. R. Civ. P.

The Department requests that each Respondent to this cause provide to the Department and the Court the full name and current address or whereabouts and phone number of any and all relatives of the children the subject of this suit with whom the Department may place the children during the pendency of this suit, pursuant to Rule 168, Tex. R. Civ. P., and § 262.201(e), Tex. Fam. Code.

The Department requests that each parent of the children the subject of this suit furnish information sufficient to accurately identify that parent's net resources and ability to pay child support along with copies of income tax returns for the past two years, any financial statements, bank statements, and current pay stubs, pursuant to Rule 167, Tex. R. Civ. P. and § 154.063, Tex. Fam. Code.

The Department requests that each parent of the children the subject of this suit provide to the Department and the Court evidence of health insurance available for the children, pursuant to Rule 167, Tex. R. Civ. P., and § 154.182, Tex. Fam. Code.

The Department requests that each Respondent provide the Department and the Court information sufficient to establish the parentage and immigration status of the children, including but not limited to marriage records, birth or death certificates, baptismal records, social security cards, records of lawful permanent residence ("green cards"), naturalization certificates, or any other Immigration and Naturalization Service records of lawful entry.

The Department requests that each Respondent furnish to the Department all information necessary to ensure the Department has an adequate medical history for the children, including but not limited to immunization records and the names and addresses of all treating physicians.

The Department requests that the Court shorten the time for production of the documents and answers to interrogatories as authorized by Rule 167.2 and Rule 168.4, Tex. R. Civ. P.

## 11.    Request for Temporary Orders at Full Adversary Hearing

After notice and hearing, the Court should render temporary orders under § 105.001, Tex. Fam. Code, to include but not be limited to:

a provision appointing the Department temporary managing conservator of the children, with all of the rights and duties listed in § 153.371, Tex. Fam. Code, pending the final disposition of this suit;

a provision pursuant to § 154.001(b), Tex. Fam. Code, ordering the parents of the children to make payments for the temporary support of the children, pending final disposition of this suit, these child-support payments to be withheld from their disposable earnings;

a provision ordering the parents of the children to provide health insurance for the children under §§ 154.182 and 154.183, Tex. Fam. Code, pending final disposition of the suit;

a provision pursuant to § 262.1015, Tex. Fam. Code, removing the alleged perpetrator of abuse of the children from the home and requiring the parent or other adult with whom the children will continue to reside to make a reasonable effort to monitor the residence and report to the Department and the appropriate law enforcement agency any attempt by the alleged perpetrator to return to the residence;

a provision restricting the parents' possession of and access to the children the subject of this suit;

a provision for the preparation of a social study into the circumstances and conditions of the children and the homes of any person requesting managing conservatorship or possession of the children;

a provision ordering the parents of the children to submit to psychological or psychiatric examinations;

a provision ordering the parents of the children to attend counseling sessions to address the specific issues that led to the removal of the children from the home and to attend counseling sessions to address any additional issues arising from the psychological or psychiatric examinations or from the counseling sessions;

a provision ordering the parents of the children to attend parenting classes as requested by the Department;

a provision ordering the Respondents to submit to a drug and alcohol assessment and to complete a substance abuse treatment program if needed;

a provision ordering the parents of the children to comply with each requirement set out in the Department's original, or any amended, service plan during the pendency of this suit, as provided by § 263.106, Tex. Fam. Code;

a provision ordering the Respondents to provide the Court and the Department with a current residence address and telephone number at which each can be contacted;

a provision ordering the Respondents to notify the Court and the Department of any change in his or her residence address or telephone number within five (5) days of a change of address or telephone number.

## 12.    Permanent Conservatorship and Support of the Children

### Conservatorship

Pursuant to §§ 153.005 and 263.403, Tex. Fam. Code, if the children cannot safely be reunified with either parent, but may be permanently placed with a relative or other suitable person, the Department requests that the Court appoint the person as permanent managing conservator of the children; if the children cannot safely be reunified with either parent or permanently placed with

a relative or other suitable person, the Department requests that the Court appoint the Department as permanent managing conservator of the children.

If conservatorship is awarded under this paragraph, the application of the guidelines for possession and access to the children, as set out in §§ 153.311, *et seq.*, Tex. Fam. Code, would not be in the children's best interest. The parents of the children, as possessory conservators of the children, should have limited access to and possession of the children, under conditions and restrictions prescribed by the court for the best interest of the children.

**Support**

Each parent should be ordered to make payments for the support of the children in accordance with § 154.001(b), Tex. Fam. Code, including retroactive support if appropriate, determined pursuant to § 154.131, Tex. Fam. Code, and in a manner specified by the Court under Chapter 154, Tex. Fam. Code. The payments for the support of the children should survive the death of either parent and become the obligation of the deceased Parent's estate.

If, upon termination of parental rights or dismissal of this suit, any parent is found to be in arrears in child support payments ordered in this or in any other action, a judgment for enforcement of said arrearage should be issued against that parent pursuant to §§ 157.261, 158.003 and 158.004, Tex. Fam. Code.

**Travis Gates, Sarah Amanda Gates, Gary Wilton Gates, George William Gates, Scott Preston Gates, Derodrick Gates, Raquel Gates, Cynthia Gates, Cassandra Gates, Timothy Joseph Gates, Andrew Gates, Alexis Gates and Marcus Gates** requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support. The Department requests the Court to order that payments for the support of **these children** be continued after the children's eighteenth birthday and extended for an indefinite period.

**13.   Termination of Melissa Gates' Parental Rights**

If reunification with the parent cannot be achieved, the Court should terminate the parent-child relationship between **Melissa Gates** and the children, **Travis Gates, Sarah Amanda Gates, Gary Wilton Gates, George William Gates, Scott Preston Gates, Derodrick Gates, Raquel Gates, Cynthia Gates, Cassandra Gates, Timothy Joseph Gates, Andrew Gates, Alexis Gates and Marcus Gates,** under Chapter 161, Tex. Fam. Code, because termination of the parent-child relationship is in the child's best interest and **Melissa Gates** has committed one or more of the following acts or omissions:

knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children; [§ 161.001(1)(D), Tex. Fam. Code]

engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; [§ 161.001(1)(E), Tex. Fam. Code]

voluntarily left the children alone or in the possession of another not the parent and expressed an intent not to return; [§ 161.001(1)(A), Tex. Fam. Code]

voluntarily left the children alone or in the possession of another not the parent without expressing an intent to return and without providing for the adequate support of the children, and remained away for a period of at least three months; [§ 161.001(1)(B), Tex. Fam. Code]

voluntarily left the children alone or in the possession of another without providing adequate support of the children and remained away for a period of at least six months; [§ 161.001(1)(C), Tex. Fam. Code]

failed to support the children in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition; [§ 161.001(1)(F), Tex. Fam. Code]

abandoned the children without identifying the children or furnishing means of identification, and the children's identity cannot be ascertained by the exercise of reasonable diligence; [§ 161.001(1)(G), Tex. Fam. Code]

been the major cause of: (1) the failure of the children to be enrolled in school as required by the Education Code; or (2) the children's absence from the children's home without the consent of the parents or guardian for a substantial length of time or without the intent to return; [§ 161.001(1)(J), Tex. Fam. Code]

executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Tex. Fam. Code; [§ 161.001(1)(K), Tex. Fam. Code]

been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a children under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a children and that would constitute a violation of one of the following Penal Code sections: [§ 161.001(1)(L), Tex. Fam. Code]

      § 19.02  (murder);
      § 19.03  (capital murder);
      § 21.11  (indecency with a child);
      § 22.01  (assault);
      § 22.011  (sexual assault);
      § 22.02  (aggravated assault);
      § 22.021  (aggravated sexual assault);
      § 22.04  (injury to a child, elderly individual, or disabled individual);
      § 22.041  (abandoning or endangering child);

§ 25.02 (prohibited sexual conduct);
§ 43.25 (sexual performance by a child); and
§ 43.26 (possession or promotion of child pornography);

had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of § 161.001(1)(D) or (E), Tex. Fam. Code, or substantially equivalent provisions of the law of another state; [§ 161.001(1)(M), Tex. Fam. Code]

been the cause of the children being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription, as defined by § 261.001(7), Tex. Fam. Code. [§ 161.001(1)(R), Tex. Fam. Code]

## 14. Termination of Gary Gates' Parental Rights

If reunification with the parent cannot be achieved, the Court should terminate the parent-child relationship between **Gary Gates** and the children, **Travis Gates, Sarah Amanda Gates, Gary Wilton Gates, George William Gates, Scott Preston Gates, Derodrick Gates, Raquel Gates, Cynthia Gates, Cassandra Gates, Timothy Joseph Gates, Andrew Gates, Alexis Gates, and Marcus Gates** , under Chapter 161, Tex. Fam. Code, because termination of the parent-child relationship is in the children's best interest and **Gary Gates** has committed one or more of the following acts or omissions:

knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children; [§ 161.001(1)(D), Tex. Fam. Code]

engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; [§ 161.001(1)(E), Tex. Fam. Code]

voluntarily left the children alone or in the possession of another not the parent and expressed an intent not to return; [§ 161.001(1)(A), Tex. Fam. Code]

voluntarily left the children alone or in the possession of another not the parent without expressing an intent to return and without providing for the adequate support of the children, and remained away for a period of at least three months; [§ 161.001(1)(B), Tex. Fam. Code]

voluntarily left the children alone or in the possession of another without providing adequate support of the children and remained away for a period of at least six months; [§ 161.001(1)(C), Tex. Fam. Code]

failed to support the children in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition; [§ 161.001(1)(F), Tex. Fam. Code]

abandoned the children without identifying the child or furnishing means of identification, and the children's identity cannot be ascertained by the exercise of reasonable diligence; [§ 161.001(1)(G), Tex. Fam. Code]

voluntarily, and with knowledge of the pregnancy, abandoned the mother of the children beginning at a time during her pregnancy with the children and continuing through the birth, failed to provide adequate support or medical care for the mother during the period of abandonment before the birth of the children, and remained apart from the children or failed to support the children since the birth; [§ 161.001(1)(H), Tex. Fam. Code]

been the major cause of: (1) the failure of the children to be enrolled in school as required by the Education Code; or (2) the children's absence from the children's home without the consent of the parents or guardian for a substantial length of time or without the intent to return; [§ 161.001(1)(J), Tex. Fam. Code]

executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Tex. Fam. Code; [§ 161.001(1)(K), Tex. Fam. Code]

been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections: [§ 161.001(1)(L), Tex. Fam. Code]

> § 19.02 (murder);
> § 19.03 (capital murder);
> § 21.11 (indecency with a child);
> § 22.01 (assault);
> § 22.011 (sexual assault);
> § 22.02 (aggravated assault);
> § 22.021 (aggravated sexual assault);
> § 22.04 (injury to a child, elderly individual, or disabled individual);
> § 22.041 (abandoning or endangering child);
> § 25.02 (prohibited sexual conduct);
> § 43.25 (sexual performance by a child); and
> § 43.26 (possession or promotion of child pornography);

had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of § 161.001(1)(D) or (E), Tex. Fam. Code, or substantially equivalent provisions of the law of another state; [§ 161.001(1)(M), Tex. Fam. Code]

been convicted of an offense committed under Section 22.011, 22.021, or 25.02, Penal Code which resulted in the victim of the offense becoming pregnant with the parent's children. [§ 161.007, Tex. Fam. Code]

### 15. Attorney Ad Litem and Guardian Ad Litem for Children

The immediate appointment of an attorney *ad litem* for the children is required by § 107.012, Tex. Fam. Code.

The immediate appointment of a guardian *ad litem* to represent the interests of the children is required by § 107.001, Tex. Fam. Code.

### 16. Attorneys for Parents and Respondents; Payment of Attorney Ad Litem Fees and Expenses

**Indigent Parent.** If a parent responds in opposition to the termination of the parent-child relationship and appears without attorney, the Department requests that the Court determine whether the parent is indigent. If the Court determines that the parent is indigent, the appointment of an attorney *ad litem* to represent the interests of that parent is required by § 107.013, Tex. Fam. Code. The Court may appoint one attorney to represent both indigent parents if the parents' interests are not in conflict.

**Other Parents Entitled to Appointment of Attorney Ad Litem.** If a parent is served with citation by publication, or if service is waived pursuant to § 161.002(c) or (d), Tex. Fam. Code., the appointment of an attorney *ad litem* for the absent parent is required by § 107.013, Tex. Fam. Code.

**Payment of Fees for Attorneys Ad Litem.** The Department requests that attorneys' fees for any attorney *ad litem* be assessed and paid in accordance with § 107.015, Tex. Fam. Code.

### 17. Payment of Fees, Expenses and Costs of Court

The Department requests the Court to order that court costs, including the costs of parentage testing, if any, be reimbursed by the parents.

### 18. Statutory Warning to Parents

The Department requests the Court to inform each parent in open court as required by §§ 262.201(c)(2) and 263.006, Tex. Fam. Code, at the adversary hearing, at the status hearing, and at each subsequent permanency hearing that parental and custodial rights and duties may be subject to restriction or to termination unless the parent or parents are willing and able to provide the children with a safe environment.

19.   **PRAYER:**

The Department prays that citation and notice issue as required by law, and that the Court enter temporary and final orders in accordance with the allegations of this petition.

The Department prays that the Court immediately grant emergency orders in conformity with the allegations of this petition.

The Department prays for attorney's fees, expenses, and costs.

The Department prays for general relief.

Respectfully Submitted,

Kathryn M. Holton
Attorney for Petitioner
Assistant District Attorney
1505 Liberty Street
Richmond, Texas 77469
Phone: (281) 238-5182
Fax: (281) 238-5189
STATE BAR # 14035560

13



# TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES

**BOARD MEMBERS**

CATHERINE CLARK MOSBACHER
*Chairman, Houston*

NAOMI W. LEDE
*Huntsville*

MAURINE DICKEY
*Dallas*

JON M. BRADLEY
*Dallas*

OMMY STRAUCH
*San Antonio*

RICHARD S. HOFFMAN
*Brownsville*

Executive Director
James R. Hine

Melissa Gates
5103 CYPRESS GREEN LN
RICHMOND TX 77469-9677

Date: 4/10/2000

RE:   Reported Child Abuse/Neglect

Dear Melissa Gates :

Children's Protective Services received a report on 2/11/2000 alleging that you were responsible for the

Emotional Abuse of Gates,Sarah A,
Emotional Abuse of Gates,Gary W,
Emotional Abuse of Gates,Derodric,
Emotional Abuse of Gates,Cynthia,
Emotional Abuse of Gates,Timothy J,
Emotional Abuse of Gates,Alexis,
Emotional Abuse of Gates,Marcus,
Emotional Abuse of Gates,Travis,
Emotional Abuse of Gates,Andrew J,
Emotional Abuse of Gates,Cassandr,
Emotional Abuse of Gates,Raquel,
Emotional Abuse of Gates,Scott P, and
Emotional Abuse of Gates,George W.

An investigation has been completed and the results have been reviewed by a supervisor. Based on the information received it has been determined that there is reason to believe that this did occur.

Emotional Abuse : Mental or emotional injury to a child that results in an observable and material impairment in the child's growth, development, or psychological functioning; or
Causing or permitting the child to be in a situation in which the child sustains a mental or emotional injury that results in an observable and material impairment in the child's growth, development, or psychological functioning.

We will be offering services to remedy the problem.

You have the right to request an administrative review of the investigation findings. Prior to requesting the review, we encourage you to discuss your concerns with me and my supervisor. You may obtain a Child Protective Services form letter to request the review. You must request the review in writing and within forty-five calendar days after you receive this notice. The review will be postponed if court proceedings related to the investigation are pending.

You have the right to request a copy of the investigation information upon which the findings are based.  The name of the reporter will be removed.  You are responsible for paying for the copy of the information at established Department of Protective and Regulatory Services (TDPRS) rates.  You may have the right to review any relevant audiotapes or videotapes.

Your request for a copy of the written material may be denied if:

1.  A civil or criminal lawsuit involving TDPRS is pending and the attorney representing TDPRS has determined that the information may be withheld, or
2.  Release would jeopardize an ongoing criminal investigation.

I would like to take this opportunity to thank you for your understanding and cooperation during this investigation.  You may contact me at (281) 341-4003 Ext.  during regular work hours if you wish to discuss this letter.

Sincerely,

Erika Davis



# TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES

**BOARD MEMBERS**

CATHERINE CLARK MOSBACHER
*Chairman, Houston*

NAOMI W. LEDE
*Huntsville*

MAURINE DICKEY
*Dallas*

JON M. BRADLEY
*Dallas*

OMMY STRAUCH
*San Antonio*

RICHARD S. HOFFMAN
*Brownsville*

Executive Director
James R. Hine

Gary Gates
5103 CYPRESS GREEN LN
RICHMOND TX 77469-9677

Date: 4/10/2000

RE:   Reported Child Abuse/Neglect

Dear Gary  Gates :

Children's Protective Services received a report on 2/11/2000 alleging that you were responsible for the
Emotional Abuse of Gates,Sarah A,
Emotional Abuse of Gates,Marcus,
Emotional Abuse of Gates,Alexis,
Emotional Abuse of Gates,Scott P,
Emotional Abuse of Gates,Travis,
Emotional Abuse of Gates,Andrew J,
Emotional Abuse of Gates,Timothy J,
Emotional Abuse of Gates,Cassandr,
Emotional Abuse of Gates,Cynthia,
Emotional Abuse of Gates,Raquel,
Emotional Abuse of Gates,Derodric,
Emotional Abuse of Gates,Gary W,
Emotional Abuse of Gates,George W,
Neglectful Supv. of Gates,Travis,
Neglectful Supv. of Gates,Alexis,
Physical Abuse of Gates,Raquel,
Physical Abuse of Gates,Derodric,
Physical Abuse of Gates,Gary W,
Physical Abuse of Gates,George W,
Physical Abuse of Gates,Andrew J,
Physical Abuse of Gates,Alexis,
Physical Abuse of Gates,Travis, and
Physical Abuse of Gates,Scott P.

An investigation has been completed and the results have been reviewed by a supervisor.  Based on the information
received it has been determined that there is reason to believe that this did occur.

**Emotional Abuse** : Mental or emotional injury to a child that results in an observable and material impairment in
the child's growth, development, or psychological functioning; or

Causing or permitting the child to be in a situation in which the child sustains a mental or emotional injury that results in an observable and material impairment in the child's growth, development, or psychological functioning.

**Neglectful Supv.** : Placing the child in or failure to remove the child from a situation that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child; or
Placing a child in or failing to remove the child from a situation in which the child would be exposed to a substantial risk of sexual conduct harmful to the child.

**Physical Abuse** : Physical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child, including an injury that is at variance with the history or explanation given and excluding an accident or reasonable discipline by a parent, guardian, or managing or possessory conservator that does not expose the child to a substantial risk of harm; or
Failure to make a responsible effort to prevent an action by another person that results in physical injury that results in substantial harm to the child.

We will be offering services to remedy the problem.

You have the right to request an administrative review of the investigation findings.  Prior to requesting the review, we encourage you to discuss your concerns with me and my supervisor.  You may obtain a Child Protective Services form letter to request the review.  You must request the review in writing and within forty-five calendar days after you receive this notice.  The review will be postponed if court proceedings related to the investigation are pending.

You have the right to request a copy of the investigation information upon which the findings are based.  The name of the reporter will be removed.  You are responsible for paying for the copy of the information at established Department of Protective and Regulatory Services (TDPRS) rates.  You may have the right to review any relevant audiotapes or videotapes.

Your request for a copy of the written material may be denied if:

1.  A civil or criminal lawsuit involving TDPRS is pending and the attorney representing TDPRS has determined that the information may be withheld, or
2.  Release would jeopardize an ongoing criminal investigation.

I would like to take this opportunity to thank you for your understanding and cooperation during this investigation.  You may contact me at (281) 341-4003 Ext.  during regular work hours if you wish to discuss this letter.

Sincerely,

Erika Davis